## IN THE UNITED STATES DISCTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWRENCE ADER                             :
117 E. Columbus Ave.                      :      CIVIL ACTION
Nesquehoning, PA 18240                    :
                                          :      NO.: _____
            Plaintiff,    :
                                          :
    v.                        :      **JURY TRIAL DEMANDED**
                                          :
THE TERMINIX INTERNATIONAL, CO., LP       :
795 Robles Rd., Ste. 7                    :
Allentown, PA 18109                       :
                                          :
           Defendant.    :
                                          :

### CIVIL ACTION COMPLAINT

Lawrence Ader (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by The Terminix International, Co., LP (*hereinafter* referred to as "Defendant") of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("PA WPL"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual with an address as set forth in the caption.

7.      Defendant is one of the biggest pest control companies in the world with various locations throughout the United States, including the location at which Plaintiff worked in Allentown, Pennsylvania.

8.      At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff was hired by Defendant in or about November of 2018 as an Exclusion Technician.

11.     Plaintiff remained working for Defendant as an Exclusion Technician earning an hourly rate until on or about January 1, 2019 when he was transferred into the position of a Route Technician.

12.     As a Route Technician, Plaintiff was paid a salary of $600.00 per week (regardless of how many hours he actually worked) in addition to commissions.

13.     While employed with Defendant as a Route Technician, Plaintiff was paid on a bi-monthly basis (once on the 15th of every month and once on the last day of every month); however, any commissions that Plaintiff earned were only ever paid out in the paycheck that was issued to him on the 15th of every month.

14.     Beginning January 1, 2019 (after Plaintiff assumed the role of "Route Technician"), Plaintiff was scheduled to work Monday through Saturday and would consistently work well beyond 40 hours in one week. In fact, Plaintiff typically worked between 50-84 hours per week.

15.     In addition to performing work in the field (which included performing pest control services to Defendant's clients and traveling from one client's residence to the next), Plaintiff was also required to perform what Defendant referred to as "non-production work," which included but was not limited to:

    a.  completing paperwork;

    b.  making phone calls to clients and Defendant's management regarding scheduled services, cancellations, and other various business issues;

    c.  reporting to Defendant's office (on occasion) for approximately four hours wherein he would be required to make telephone calls to customers who were

either threatening to cancel or customers who had been suspended for non-payment (in order to collect payment from them); and

d.  reporting to Defendant's office every Thursday for a "required meeting" at 7:30 in morning. These meetings would typically last approximately 2.5 hours. When Plaintiff tried to refuse to attend these meetings, he was told by Defendant's management that he was "salary" and therefore required to attend.

16.  Upon information and belief, Defendant did not keep proper records of any non-production work performed by Plaintiff.[1]

17.  At no point between the time that Plaintiff was transferred into a Route Technician position (on January 1, 2019) and his separation from Defendant in July of 2019 was he ever paid time and one half for hours that he worked in excess of 40 hours in one week.

18.  Even though Plaintiff earned some commission while employed with Defendant as a Route Technician, he was at all times an exempt employee, as Defendant will be unable to show that Plaintiff met any of the elements under 29 U.S.C. §207(i) – the retail and service establishment commission exemption. For example:

---

[1] The FLSA provides that every employer "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him...." 29 U.S.C. §211(c) (1982 & West Supp.1988). It is well settled that the employer bears the burden of keeping accurate wage and time records, and that the duty cannot be delegated to employees. *Williams v. Tri-County Growers, Inc.,* 747 F.2d 121, 127-28 (3d Cir.1984); *Castillo v. Givens,* 704 F.2d 181 (5th Cir.1983), *cert. denied,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1988). *See also Caryk v. Coupe,* 663 F.Supp. 1243 (D.D.C.1987)(failure to maintain time records when employees are obviously non-exempt warrants liquidated damages). Once the burden shifts to the employer, if the employer fails to show either the precise amount of hours worked by the employee or negate the reasonableness of the inferences drawn from the employee's evidence, "the court 'may then award damages to the employee, even though the result be only proximate.' " *Brock v. Seto,* 790 F.2d 1446,1448 (quoting *Anderson v. Mount Clements Pottery,* 328 U.S. 680, 688, 66 S.Ct. at 1192).

(1) Plaintiff was not employed by a "retail or service establishment"[2] and therefore Defendant is unable to meet element one of 29 U.S.C. § 207(i);

(2) Plaintiff's regular rate of pay did not exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked, as Plaintiff's regular rate was $600.00 weekly but

---

[2] A review of the FLSA and case law clearly explains that in order to be allowed to assert the commission exemption as a business providing a service, the business has to be a service within the "retail concept."

Pursuant to 29 C.F.R. § 779.314, "Goods" and "services" are defined:

> The term "goods" is defined in section 3(i) of the Act and has been discussed above in § 779.14. The Act, however, does not define the term "services." ***The term "services," therefore, must be given a meaning consistent with its usage in ordinary speech, with the context in which it appears and with the legislative history of the exemption as it explains the scope***, the purposes and the objectives of the exemption. <u>Although in a very general sense every business might be said to perform a service it is clear from the context and the legislative history that *all business establishments are not making sales of "services" of the type contemplated in the Act; that is, services rendered by establishments which are traditionally regarded as local retail service establishments such as the restaurants, hotels, barber shops, repair shops, etc.*</u> (*See* §§ 779.315 through 779.320.) It is to these latter services only that the term "service" refers.

> 29 C.F.R. § 779.314. (emphasis added).

It is further enumerated in 29 C.F.R. § 779.316 that:

> Establishments ***outside "retail concept" not within statutory definition***; lack the first requirement.

> The term "retail" is alien to some businesses or operations. For example, transactions of an insurance company are not ordinarily thought of as retail transactions. The same is true of an electric power company selling electrical energy to private consumers. ***As to establishments of such businesses, therefore, a concept of retail selling or servicing does not exist.*** That it was the intent of Congress to exclude such businesses from the term "retail or service establishment" is clearly demonstrated by the legislative history of the 1949 amendments and by the judicial construction given said term both before and after the 1949 amendments . . . ***It is plain, therefore, that the term "retail or service establishment" as used in the Act does not encompass establishments in industries lacking a "retail concept".*** Such establishments not having been traditionally regarded as retail or service establishments cannot under any circumstances qualify as a "retail or service establishment" within the statutory definition of the Act, since they fail to meet the first requirement of the statutory definition.

> 29 C.F.R. § 779.316. (emphasis added).

he worked anywhere between 50-84 hours per week. Therefore, Defendant will be unable to meet element two of 29 U.S.C. § 207(i)[3];

(3) In an effort avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings, Defendant attempted to guise Plaintiff's bi-weekly salary of $1,200.00 as a draw on commission. However:

    a) even a quick glance at Plaintiff's paychecks will show that they are more closely akin to that of a salaried employee – earning the same regular rate every bi-weekly period without any deductions (for when Plaintiff did not meet the alleged draw on commission);

    b) Defendant never provided Plaintiff with any documentation on how his alleged commission (or draw on commission) was structured; and

    c) Defendant's management often referred to Plaintiff's regular weekly rate as his "salary" and told him on several occasions that he was a "salaried employee" (even though he should have been an exempt hourly employee).

As a result of the foregoing, Plaintiff's salary should not be considered "commissions" when determining whether Defendant meets the third element of 29 U.S.C. 207(i). Therefore, when considering a representative period of six months (the approximate) length of time that Plaintiff was employed with Defendant as a Route Technician), Defendant could not possibly meet element

---

[3] In order for Defendant to assert that the retail and service establishment commission exemption applies to an employee, Defendant must prove that (1) the regular rate of pay the employee is in excess of one and one-half times the minimum hourly rate applicable to him. 29 U.S.C. §207(i).

three of  29 U.S.C. § 207(i), as Plaintiff's commissions did not exceed half of Plaintiff's total earnings;[4]

(4) Even if Plaintiff was not paid a salary on a bi-weekly basis (as argued above), Defendant is still unable to meet element three of 29 U.S.C. § 207(i) because upon information and belief, Defendant did not have a bonafide commission plan.[5]

19.     In addition to not paying Plaintiff proper overtime compensation, Defendant also intentionally docked Plaintiff's commissions.

20.     For example, Plaintiff was informed that his commission would be docked 1% if he had over six total cancellations and/or missed stops in one month.

21.     Plaintiff was required to inform his manager each time that a customer cancelled his/her service contract, at which point in time, Plaintiff's manager would have to go into Defendant's system and permanently cancel said client. If Plaintiff's manager did not permanently cancel said client in Defendant's system, this client would appear as a "cancellation" and a "missed stop" on Plaintiff's route each month thereafter.

22.     Upon information and belief there were multiple occasions when Plaintiff's manager did not permanently cancel a client, despite Plaintiff informing him that the client wanted to cancel the service contract.

23.     Therefore, there were several occasions where Plaintiff was docked commission because of Defendant's management's intentional failure to input cancellation of service

---

[4] In order for Defendant to assert that the retail and service establishment commission exemption applies to an employee, Defendant must prove that "more than half of his compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. §207(i).

[5] In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee. 29 U.S.C. §207(i).

contracts into Defendant's system – thereby having the same cancellation counted against Plaintiff as a "cancellation" and a "missed stop" in the following months.

24.     On July 7, 2019, Plaintiff submitted a resignation letter to Defendant, citing several reasons for his resignation, including but not limited to Defendant's illegal pay practices.

<strong>Count I</strong><br/><strong><u>Violations of the Fair Labor Standards Act ("FLSA")</u></strong><br/><strong>(Minimum Wage and Overtime Violations)</strong>

25.     The foregoing paragraphs are incorporated herein as if set forth in full.

26.     At all times relevant herein, Defendant, has and continues to be an "employer" within the meaning of the FLSA.

27.     At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA while he was employed with Defendant.

28.     The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, a minimum rate of $7.25 per hour.

29.     The FLSA also requires covered employers, such as Defendant, to compensate their "non-exempt" employees at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

30.     While employed with Defendant as a Route Technician, Plaintiff often times worked 50-84 hours per week; however, Defendant failed to pay Plaintiff overtime compensation for any hours that he worked over 40 hours in one week.

31.     Furthermore, as a result of Defendant's aforesaid illegal pay practices, Plaintiff was occasionally compensated below the federal minimum wage for hours worked during his employment as a Route Technician.

32.     As a result of Defendant's failure to pay Plaintiff minimum wage and the overtime compensation due him, Defendant willfully violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Minimum Wage & Overtime Compensation)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Defendant's failure to pay overtime and minimum wage in the aforesaid manner(s) also constitutes a violation of the PMWA.

**Count III**
**Violations of the Pennsylvania Wage & Collection Law ("PWCL")**
**(Failure to Pay Full Wage(s) Owed)**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Defendant failed to compensate Plaintiff for all wages owed during his employment, including but not limited to intentionally acting or failing to act in accordance with its own policy, resulting in illegal deductions being made to Plaintiff's commission pay (discussed *supra*).

37.     These actions as aforesaid constitute unlawful violations of the PWCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  July 26, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lawrence Ader | : | CIVIL ACTION |
| v. | : | |
| The Terminix International, Co., LP | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| | | |
|---|---|---|
| 7/29/2019 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___117 E. Columbus Avenue, Nesquehoning, PA 18240_____

Address of Defendant: ___795 Robles Road, Suite 7, Allentown, PA 18109_____

Place of Accident, Incident or Transaction: __Defendant's place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?          Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/29/2019_____          ____ARK2484 / 91538_____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☒ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __7/29/2019_____          ____ARK2484 / 91538_____
*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

ADER, LAWRENCE

**(b)** County of Residence of First Listed Plaintiff    Carbon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

**DEFENDANTS**

THE TERMINIX INTERNATIONAL, CO., LP

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

X 3  Federal Question *(U.S. Government Not a Party)*

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                        Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | X 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

X 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29 U.S.C. 201)
Brief description of cause:
Violations of the FLSA, PA Minimum Wage Act and the PA Wage Payment and Collection Law.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.      DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   7/29/2019           SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[ Print ]   [ Save As... ]                                    [ Reset ]